MONROE COUNTY CLERK'S OFFICE                THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

|  |  |
|---|---|
|  | Receipt # 3843316 |
|  | Book   Page   CIVIL |
| Return To:<br>ELLIOT DOLBY-SHIELDS<br>192 Lexington Avenue, Suite 802<br>New York, NY 10016 | No. Pages: 13<br>Instrument: EFILING INDEX NUMBER<br>Control #:     202404270125<br>Index #:       E2024007129<br>Date: 04/27/2024 |
| Megens-Sedor, Alexander | Time: 10:26:39 AM |

Priolo, Nicholas
Baxter, Todd

| | |
|---|---|
| State Fee Index Number | $165.00 |
| County Fee Index Number | $26.00 |
| State Fee Cultural Education | $14.25 |
| State Fee Records Management | $4.75     Employee: RR |
| Total Fees Paid: | $210.00 |

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

| | |
|---|---|
| ALEXANDER MEGENS-SEDOR,<br><br>                                      Plaintiffs,<br><br>           -against-<br><br>NICHOLAS PRIOLO, TODD BAXTER, "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 and other unidentified members of the Monroe County Sheriff's Office,<br><br>                                      Defendants. | **SUMMONS**<br><br>Index No.:<br><br>The Basis of Venue is:<br>Location of Incident<br><br><br>JURY TRIAL DEMANDED |

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
          April 24, 2024

*Elliot Shields*
_____
ELLIOT D. SHIELDS, ESQ.
ROTH & ROTH LLP
Attorneys for Plaintiff

192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020

TO:   NICHOLAS PRIOLO, TODD BAXTER, MONROE COUNTY SHERIFF'S
OFFICE, 130 SOUTH PLYMOUTH AVENUE, ROCHESTER, NY 14614

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

ALEXANDER MEGENS-SEDOR,

                                         Plaintiffs,

-against-

NICHOLAS PRIOLO, TODD BAXTER, "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 and other unidentified members of the Monroe County Sheriff's Office,

                                         Defendants.

---

Index No.:

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff ALEXANDER MEGENS-SEDOR, by his attorneys, ROTH & ROTH, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### I.    PRELIMINARY STATEMENT

1. This is a civil rights action brought against members of the Monroe County Sheriff's Office, to vindicate Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. §§ 1983 and 1988, and under the laws of the State of New York. Plaintiff seeks compensatory damages, punitive damages and attorney's fees.

2. On April 27, 2023, Plaintiff was seriously injured when Defendant Monroe County Sheriff's Deputy Nicholas Priolo sicked his K-9 partner – Ranger – on Plaintiff during a traffic stop.

3. Priolo failed to warn Plaintiff prior to releasing Ranger and ordering him to attack Plaintiff. The failure to warn before releasing Ranger was objectively unreasonable and constituted a violation of good and accepted police practices

4. Ranger bit off Plaintiff's ear and bit and gnawed his hip for approximately three minutes, causing him severe injuries.

5. While Ranger was gnawing Plaintiff's side, Priolo repeatedly ordered Ranger to keep biting Plaintiff, and he also struck and/or kicked Plaintiff in his ribs and his head.

6. As a result of the excessive force, Plaintiff suffered severe physical, mental, emotional and psychological injuries.

## II. THE PARTIES

7. Plaintiff, ALEXANDER MEGENS-SEDOR, is a resident of the County of Monroe, State of New York.

8. Defendant TODD BAXTER ("Sheriff Baxter" or "BAXTER") was, at all times relevant herein, the duly elected Sheriff of the County of Monroe. At all relevant times, Defendant BAXTER was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacity.

9. Defendants NICHOLAS PRIOLO, and "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 (the names and numbers of which are currently unknown), were, at all times relevant to this Complaint, Deputy Sheriffs with the Monroe County Sheriff's Office ("MCSO"). At all relevant times, these defendants were acting within the scope of their employment with the County and under Sheriff BAXTER and acting under color of state law. They are sued in their individual capacities. They are referred to collectively as "the Sheriff's Deputies."

10. BAXTER is responsible for the hiring, training, supervision and discipline of the Defendant Sheriff's Deputies under state law.

## III. CONDITIONS PRECEDENT

11. Plaintiff, in furtherance of his cause of action brought pursuant to New York State law, filed timely a Notice of Claim against the County, in compliance with the Municipal Law Section 50, and the COUNTY held a 50-h hearing on April 22, 2024.

12. More than thirty (30) days have elapsed since said Notice of Claim was filed and the COUNTY has failed to pay or adjust the claim.

13. This action is being brought within a year and 90 days of the event giving rise to Plaintiff's State cause of action.

14. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

15. Plaintiff sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## IV.     STATEMENT OF FACTS

16. On April 27, 2023, at approximately 12:40 a.m.., Plaintiff was driving on Chili Avenue near the border of Greece and Rochester, heading towards the City.

17. Suddenly, Priolo – who was driving a black Monroe County Sheriff's Office vehicle towards him from the opposite direction – made a u turn, got behind him, and activated the emergency lights.

18. Plaintiff immediately turned onto a side street and parked in a driveway.

19. Priolo parked behind Plaintiff, and Plaintiff exited the vehicle to speak with him.

20. As Priolo approached, Plaintiff put one hand up in the air and another on a fence near a bush.

21. Priolo attempted to physically seize Plaintiff and throw him to the ground.

22. Plaintiff's arm became stuck on the fence / bush, and was extended over his head.

23. Priolo ordered Plaintiff to put his hand behind his back, but Plaintiff was unable to because his arm was stuck on the fence / bush.

24. Immediately taking Plaintiff to the ground, Priolo released his K-9 partner, Ranger, and ordered him to attack Plaintiff.

25. Prior to releasing Ranger on Plaintiff, Priolo did not warn Plaintiff that he was going to be attacked by the dog.

26. When Priolo released Ranger on Plaintiff, Plaintiff was detained and subdued on the ground, and was not doing anything that any police officer would objectively believe posed a threat to himself or others, or that justified the use of significant force.

27. At no time after he was detained and subdued on the ground, and before he was bit by Ranger, did Plaintiff pose any threat to Priolo or anyone else.

28. It was objectively unreasonable for Priolo to release Ranger and order him to attack Plaintiff without first providing any warning to Plaintiff.

29. It was a violation of good and accepted police practices for Priolo to release Ranger and order him to attack Plaintiff without first providing any warning to Plaintiff.

30. Ranger viciously attacked Plaintiff for approximately three minutes, without cause or justification.

31. Ranger first bit off most of Plaintiff's right ear.

32. Ranger then bit and gnawed Plaintiff's right side and/or hip, and held the bite for approximately three minutes.

33. Priolo did nothing to stop Ranger from attacking Plaintiff for approximately three minutes, until additional officers arrived at the scene.

34. Instead, Priolo encouraged and instructed Ranger to continue viciously attacking Plaintiff, instructing Ranger to "fass", which is German for "attack."

35. As Ranger was attacking Plaintiff, Priolo repeatedly punched and/or kicked Plaintiff in the head and ribs multiple times.

36. Ranger held the bite for over three minutes until after Plaintiff was handcuffed, when Priolo finally used a "breaker bar" to get Ranger to release his bite.

37. The amount of force used by Priolo was grossly excessive, unnecessary, and disproportionate to any perceived threat posed by Plaintiff.

38. Eventually, additional officers and an ambulance arrived.

39. Plaintiff was placed on a gurney, loaded into the ambulance, and transported to Strong Memorial Hospital.

40. Plaintiff was treated in the trauma unit and then admitted to the hospital for approximately one week.

41. After he was discharged from the hospital, Plaintiff required significant additional medical treatment including multiple surgeries and other procedures and had a home health aide for approximately four months.

42. Upon information and belief, Defendant Todd Baxter improperly trained Priolo on the use of force under these circumstances, and particularly, when it is appropriate to release a K-9 to attack someone.

43. Defendant Todd Baxter failed to train Priolo on the requirement to provide a warning to someone prior to releasing a police K-9 to attack them.

44. Priolo was improperly trained on when to stop / halt a K-9 from attacking someone after they have submitted and/or were compliant with police orders and did not pose a threat.

45. Plaintiff suffered serious physical, mental, emotional and psychological damages as a result of being viciously attacked by Ranger and Priolo.

## V. CLAIMS FOR RELIEF

### FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
**Excessive Force**
*Pursuant to 42 U.S.C. § 1983*

46. All preceding and subsequent paragraphs are incorporated by reference.

47. Defendants' actions towards Plaintiff constitutes excessive force in violation of 4th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983.

48. Defendants used force against Plaintiff that was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted them.

49. It was objectively unreasonable for Priolo to sick Ranger on Plaintiff without any warning; it was objectively unreasonable to order / allow Ranger to attack Plaintiff for approximately three minutes, after he was subdued on the ground and did not pose a threat to Priolo or anyone else; it was objectively unreasonable for Priolo to punch and/or kick Plaintiff in the head and ribs multiple times when he was subdued on the ground and was not a threat to Priolo or anyone else.

50. The types and levels of force Defendants used against Plaintiff were in contravention of, or inconsistent with, related MCSO policies and/or training.

51. As a result of the acts and omissions of Defendants, Plaintiff was deprived of federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

52. The actions of the Defendants were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

53. As a result, Plaintiff sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## SECOND CLAIM FOR RELIEF
### Supervisory Liability under 42 U.S.C. § 1983
### (Against BAXTER)

54. All preceding and subsequent paragraphs are incorporated by reference.

55. BAXTER personally caused Plaintiff's injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise, train, and discipline his subordinate employees.

56. BAXTER was negligent in the training, supervision and discipline of the defendant Sheriff's Deputies, who were provided, upon information and belief, no training on how to safely seize and arrest an individuals.

57. BAXTER was negligent in the training, supervision and discipline of the defendant Sheriff's Deputies, who were provided, upon information and belief, no training on the requirement to deescalate to avoid unnecessarily using force.

58. BAXTER was negligent in the training, supervision and discipline of Defendant Priolo and his K-9 deputies, who were provided, upon information and belief, improper training on when it was lawful and/or appropriate to release their K-9 partner to attack an arrestee.

59. BAXTER was negligent in failing to train Defendant Priolo and his K-9 deputies on the requirement to warn an arrestee prior to releasing their K-9 partner to attack them.

60. Alternatively, the training BAXTER provided to the Sheriff's Deputies was inadequate.

61. BAXTER's negligence in failing to supervise and discipline his Sheriff's Deputies was the direct and proximate cause of Plaintiff's injuries.

62. As a result of defendants' impermissible conduct, plaintiff was injured and harmed.

## STATE LAW CLAIMS

### THIRD CLAIM FOR RELIEF
**Assault and Battery**
*Pursuant to New York State Law*

63. All preceding and subsequent paragraphs are incorporated by reference.

64. Priolo assaulted and Battered Plaintiff by punching and kicking him, and releasing his K-9 partner Ranger to attack plaintiff without first warning Plainitnff that he would be attacked by Ranger.

65. Plaintiff was not threatening the law enforcement officers or any other person at any time he was attacked by Ranger.

66. By the aforedescribed conduct, Defendants, their officers, agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff and ordered Ranger to attack Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

67. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Defendant Baxter, who is therefore responsible for their conduct.

68. Defendant Baxter, as the employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. At no point during the incidents described herein did the circumstances necessitate or support the above applications of force utilized by the Defendant against Plaintiff.

70. The actions of the Priolo were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

71. As a result, Plaintiff sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants on each cause of action set forth above in an amount which exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of this action, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated:   New York, New York　　　Respectfully Submitted,
　　　　　April 26, 2024

　　　　　　　　　　　　　　　　ROTH & ROTH, LLP

　　　　　　　　　　　　　　　　*Elliot Shields*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Elliot Dolby Shields, Esq.
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　192 Lexington Avenue, Suite 802
　　　　　　　　　　　　　　　　New York, New York 10024
　　　　　　　　　　　　　　　　(212) 425-1020
　　　　　　　　　　　　　　　　eshields@rothandrothlaw.com

## ATTORNEY'S VERIFICATION

**ELLIOT DOLBY SHIELDS,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with Roth & Roth, LLP, attorneys for the Plaintiff, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. This affirmation is made by me and not the Plaintiff because I maintain my office in a different county than where the plaintiff resides.

DATED: New York, New York
April 26, 2024

*Elliot Shields*
_____
ELLIOT DOLBY SHIELDS